**UNITED STATES DISTRICT COURT**
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHUN-LING JOCELYN CHEN and KAI CHAN,  )<br>Plaintiffs,  )<br>v.  )<br>PAT'S PEAK, INC.,  )<br>Defendant.  ) | **COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**CASE NO: 19-10481** |

## JURY TRIAL

1. The Plaintiffs request a jury trial;

## THE PARTIES

2. Plaintiffs, Chun-Ling Jocelyn Chen ("Jocelyn Chen") and Kai Chan ("Kai Chan"), were at all relevant times herein residents and citizens of Bedford, Middlesex County, Massachusetts, with a street address of 2 Lynnfield St., Bedford MA 01730;

3. Defendant, Pat's Peak, was at all relevant times herein a New Hampshire corporation with a principal address of 686 Flanders Road, Henniker NH 03242;

4. At all times relevant and material hereto, Defendant Pat's Peak was the owner and operator of a ski area in Henniker, New Hampshire, including the owner and operator of numerous ski lifts designed to carry passengers uphill on its property for recreational purposes;

## JURISDICTION AND VENUE

5. Plaintiffs Jocelyn Chen and Kai Chan are residents of the Commonwealth of Massachusetts;

6. Defendants Pat's Peak is a corporation duly registered in the State of New Hampshire;

7. This Court has jurisdiction pursuant to U.S.C. sections 1332(a), 1367, and M.G.L. Chapter 223A;

8. Defendant Pat's Peak engages in continuous and systematic business activity and does otherwise transact and conduct business in Massachusetts and derives substantial revenue from business in Massachusetts such that the requirements from general and/or specific jurisdiction, together with the requisite minimum contacts, are satisfied;

9. The parties are citizens of different states;

10. The amount in controversy exceeds $75,000.00, exclusive of costs;

11. Venue in this District satisfies the requirements of 28 U.S.C., section 1391, in that the Defendant Pat's Peak is subject to personal jurisdiction because it transacts business in this District;

**FACTUAL ALLEGATIONS**

12. On or about March 18, 2017, the Plaintiff, Jocelyn Chen and her spouse, Kai Chan, purchased tickets for skiing at the Defendant's, Pat's Peak, premises;

13. On that date, the Plaintiffs boarded one of the chairlifts on the Defendant's premises, operated by the Defendant, to ride up to the top of the ski slope;

14. During the ride up the chairlift, one of the Plaintiff's (Jocelyn Chen) skis detached and fell some distance to the ground;

15. Upon their approach to the lift termination platform, the Plaintiffs began waving their arms and yelling to attract the attention of the chairlift operator, who was standing at an observation window at the top of the lift;

16. Upon information and belief, the lift operator has a "kill" switch, which immediately stops the lift ascent;

17. Upon information and belief, the lift operator is within easy reach of the "kill" switch, which acts as a safety device for the lift;

18. The lift operator did not stop the lift as the Plaintiff reached the disembarkment platform;

19. The Plaintiff disembarked as required from the moving chairlift and due to her missing ski and the incline between the disembarkment platform and the ground, she immediately fell and slid down the incline;

20. Upon falling, the Plaintiff suffered such physical stress that she tore muscles and ligaments in her knees;

21. The Plaintiff suffered great physical pain and suffering during and after her fall;

22. The Plaintiff was unable to descend the mountain on her own, and had to be carried down the mountain on a sled;

23. Since the fall, the Plaintiff has had to undergo surgery to repair her knee, was in orthopedic supports for her legs, and has had great physical pain and emotional suffering and disruption to her life;

24. The Plaintiff was unable to perform her duties as a mother, as a household member, and as an employee for multiple months;

25. The Plaintiff has residual injuries which are permanent in nature;

## COUNT ONE
## NEGLIGENCE
## UNSAFE OPERATION

The Plaintiff hereby restates, reincorporates and realleges each and every allegation contained in the above paragraphs as if fully stated herein.

26. Pat's Peak and its employees, agents and/or servants, owed a duty to the Plaintiff to ensure that she disembarked from the chairlift correctly and safely.

27. Pat's Peak and its employees, agents and/or servants, owed a duty to the Plaintiff to take prompt corrective action to ensure her safety, including but not limited to, stopping the chair lift;

28. The chairlift operator is in control of the chairlift operation and has the authority and means to stop the chairlift when a passenger such as the Plaintiff experienced an unusual condition or occurrence such as approaching the disembarkment platform with only one ski;

29. The chairlift operator has an observation window from which to view the approaching passengers and monitor their approach to the disembarkment platform;

30. The Plaintiff and her spouse vigorously and frantically waived and yelled in an attempt to signal the lift operator that an unusual condition or occurrence was taking place with their approach;

31. The Defendant and its employees, agents and/or servants failed to ensure the Plaintiff's safety by failing to stop the chairlift, and breached its duty of care, including a duty to operate the chairlift in a safe manner;

32. As a direct and proximate result of Pat's Peak's conduct, the Plaintiff incurred great pain and suffering with injuries to both knees, including injury which is, more probable than not, permanent and/or chronic in nature;

33. The Plaintiff has also been required, as a direct and proximate result of the Defendant's violations, to undergo medical treatment and care including, but not limited to, hospitalization, medical appointments, surgery, physical therapy, diagnostic imaging and injections; all of which have caused the Plaintiff to incur substantial expense, pain and suffering and loss of enjoyment of life;

34. The Plaintiff will continue to incur damages into the future including but not limited to, pain and suffering, loss of enjoyment of life, and future medical or therapeutic expenses;

35. All to the damage of the Plaintiff, as she says, in the maximum jurisdictional amount applicable to this Honorable Court;

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court issue judgment against the Defendant for unsafe operation of its chairlift in an amount sufficient to fully and fairly compensate the Plaintiffs for their injuries and damages, for the costs of this action, for interest as allowed by law and for all other just and proper relief;

## COUNT TWO
## NEGLIGENT TRAINING OR SUPERVISION

36. The Plaintiff hereby restates, reincorporates and realleges each and every allegation contained the above paragraphs as if fully stated herein;

37. The Defendant's actions or inactions in the operation of the chairlift indicate a lack of care or a lack of adequate training or supervision of employees;

38. The Defendant knew or should have known, that if its employee was not adequately trained and/or supervised, then injury to the Plaintiff or others similarly situated, would occur more likely than not;

39. Defendant, Pat's Peak, owed a duty to the Plaintiff to properly and adequately train and supervise its chairlift operators;

40. Defendant Pat's Peak, breached its duty to the Plaintiff by failing to properly and adequately train employees in safe chairlift operations;

41. As a direct and proximate result of Pat's Peak's conduct, the Plaintiff incurred great pain and suffering with injuries to both knees, including injury which is, more probable than not, permanent and/or chronic in nature;

42. The Plaintiff has also been required, as a direct and proximate result of the Defendant's violations, to undergo medical treatment and care including, but not limited to, hospitalization, medical appointments, surgery, physical therapy, diagnostic imaging and injections; all of which have caused the Plaintiff to incur substantial expense, pain and suffering and loss of enjoyment of life;

43. The Plaintiff will continue to incur damages into the future including but not limited to, pain and suffering, loss of enjoyment of life, and future medical or therapeutic expenses;

44. All to the damage of the Plaintiff, as she says, in the maximum jurisdictional amount applicable to this Honorable Court;

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court issue judgment against the Defendant in an amount sufficient to fully and fairly compensate the Plaintiffs for their injuries and damages, for the costs of this action, for interest as allowed by law and for all other just and proper relief;

## COUNT THREE
## RECKLESSNESS

45. The Plaintiff hereby restates, reincorporates and realleges each and every allegation contained the above paragraphs as if fully stated herein;

46. A complete and total failure to monitor the safe disembarkation of the chairlift in any manner, with the failure to stop the chair lift once the Plaintiff was observed in an unusual condition or occurrence for which it had a duty to perform , constitutes a reckless disregard for the Plaintiff's safety by Pat's Peak and/or its employees, agents or servants;

47. The failure to monitor and failure to stop the chairlift created not only an unreasonable risk of harm to the Plaintiff, but also a risk of harm substantially greater than negligent behavior;

48. Pat's Peak, and its employees, agents or servants knew, or should have known, about the high degree of risk involved of injury from training requirements imposed, as well as general knowledge about the dangerous nature of tramway lifts and chairlifts specifically;

49. Pat's Peak, and its employees, agents or servants knew, or should have known, about the incidence of unusual conditions or occurrences such as suffered by the Plaintiff , and its actions or inactions constituted a reckless

indifference to an aggravated degree of risk of harm, substantially more serious than ordinary negligence;

50. As a direct and proximate result of the reckless conduct of Pat's Peak and/or its employees, agents or servants, the Plaintiff was caused to suffer severe physical injury, and great pain and suffering;

51. As a direct and proximate result of Pat's Peak's conduct, the Plaintiff incurred great pain and suffering with injuries to both knees, including injury which is, more probable than not, permanent and/or chronic in nature;

52. The Plaintiff has also been required, as a direct and proximate result of the Defendant's violations, to undergo medical treatment and care including, but not limited to, hospitalization, medical appointments, surgery, physical therapy, diagnostic imaging and injections; all of which have caused the Plaintiff to incur substantial expense, pain and suffering and loss of enjoyment of life;

53. The Plaintiff will continue to incur damages into the future including but not limited to, pain and suffering, loss of enjoyment of life, and future medical or therapeutic expenses;

54. All to the damage of the Plaintiff, as she says, in the maximum jurisdictional amount applicable to this Honorable Court;

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court issue judgment against the Defendant in an amount sufficient to fully and fairly compensate the Plaintiffs for their injuries and damages, for the costs of this action, for interest as allowed by law and for all other just and proper relief;

## COUNT FOUR
## LOSS OF CONSORTIUM

55. The Plaintiff hereby restates, reincorporates and realleges each and every allegation contained the above paragraphs as if fully stated herein;

56. Kai Chan is married to Chun-Ling Jocelyn Chen;

57. Kai Chan, in addition to caring for his spouse, Jocelyn Chen, both physically and emotionally, has been caused to suffer losses and damages in the nature of loss of consortium including, but not limited to, all degrees of deprivation of Jocelyn's care, out-of-pocket expenses, loss of income, loss of the companionship, society, services and affection of his wife, and also the loss of enjoyment of life he previously had with his wife;

58. All to the damage of the Plaintiffs, as they say, in the maximum jurisdictional amount applicable to this Honorable Court under the laws of the State of New Hampshire;

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court issue judgment against the Defendant in an amount sufficient to fully and fairly compensate the Plaintiffs for their injuries and damages, for the costs of this action, for interest as allowed by law and for all other just and proper relief;

## COUNT FIVE
## VIOLATION OF NH-RSA 225-A:25

The Plaintiff hereby restates, reincorporates and realleges each and every allegation contained in the above paragraphs as if fully stated herein;

59. The Defendant, Pat's Peak, is the owner and operator of a ski lift which carried the Plaintiff on or about March 18, 2017;

60. RSA 225-A:25 creates a private civil cause of action when an "operator of a passenger tramway is in violation of this chapter or the rules of the board, which violation is causal of the injury complained of."

61. The "rules of the board" refer to the Passenger Tramway Safety Board (the "Board"), which promulgates rules "relating to public safety in the construction, operation and maintenance of passenger tramways." RSA 225-A:8;

62. Pursuant to RSA 225-A:8, the Board has adopted rules which specify that, "{a}ll personnel employed in connection with lift operations at any passenger tramway shall be trained in their duties." N.H. Code R. Pas 306.03;

63. Pursuant to RSA 225-A:8, the Board has incorporated by reference into its rules a document called "American National Standard for Passenger Ropeways - Aerial Tramways, Aerial Lifts, Surface Lifts, Tows and Conveyors – Safety Requirements (ANSI B77.1)," pertaining to the manufacture, construction, operation and maintenance of passenger tramways;

64. The ANSI rules, which are part of New Hampshire law pursuant to RSA 225-A:8, require certain standards of operation for aerial chair lifts such as the Pat's Peak chair lift.  See ANSI B77.1-2011 § 3.3;

65. The standards of operation require trained personnel (i.e., § 3.3.2.1) and minimum operating personnel (§ 3.3.2.2), among other requirements.  Id. Operating personnel must use reasonable care while performing their duties;

66. Chair lift attendants have enumerated duties under the rules, including a duty to: "be knowledgeable in the operational and emergency procedures"; "to

monitor the passengers' use of the aerial tramway, including observing, advising, and assisting them while they are in the attendant's work area as they embark on or disembark from the aerial lifts"; and "to respond to unusual occurrences or conditions." Id. at § 3.3.2.3.3;

67. If there is an unusual occurrence or condition, the tramway attendant may be required by the rules to assist the passenger or stop the aerial tramway. Id.

68. The employee in charge of tramway operation has similar duties to ensure safety. Id. at § 3.3.2.3.2;

69. While riding on the Defendant's ski lift, the Defendant and/or its employees, agents or servants, violated its duty to the Plaintiff to monitor the Plaintiff's use of the lift, including observing, advising and assisting her while in the operator's work area as she was disembarking from the ski lift, and by its failure to respond to the occurrence and condition that the Plaintiff was in, having dropped a ski on the trip up to the top of the lift;

70. As a direct and proximate result of Pat's Peak's conduct, the Plaintiff incurred great pain and suffering with injuries to both knees, including injury which is, more probable than not, permanent and/or chronic in nature;

71. The Plaintiff has also been required, as a direct and proximate result of the Defendant's violations, to undergo medical treatment and care including, but not limited to, hospitalization, medical appointments, surgery, physical therapy, diagnostic imaging and injections; all of which have caused the Plaintiff to incur substantial expense, pain and suffering and loss of enjoyment of life;

72. The Plaintiff will continue to incur damages into the future including but not limited to, pain and suffering, loss of enjoyment of life, and future medical or therapeutic expenses;

73. All to the damage of the Plaintiff, as she says, in the maximum jurisdictional amount applicable to this Honorable Court;

WHEREFORE, the Plaintiff demands judgment against the Defendant, Pat's Peak, and damages for her physical injuries and emotional suffering in the past, present and future, reasonable costs and attorneys fees, and such other relief as the Court deems just and meet.

Respectfully Submitted,
Plaintiffs by counsel;


_____/s/ *Randy M. Hitchcock*_____
Randy M Hitchcock  BBO #561511
Elaine Whitfield Sharp BBO #565522
Whitfield Sharp & Hitchcock, LLC
196 Atlantic Ave.
Marblehead  MA  01945
(781)639-1862


I, Randy M. Hitchcock, hereby certify that on March 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all parties or their counsel of record.

/s/ *RANDY M. HITCHCOCK*_____
Randy M. Hitchcock