UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHUN-LING JOCELYN CHEN and )
KAI CHEN )
                                        )
    Plaintiffs, )
                                        )
v. )          CASE NO. 19-10481
                                        )
                                        )
PAT'S PEAK, INC. )
                                        )
    Defendant. )

## **DEFENDANT PAT'S PEAK, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant Pat's Peak, Inc. answers the separately numbered paragraphs of Plaintiffs' Complaint as follows:

### **JURY TRIAL**

1. No response required to Plaintiffs' request for jury trial. Defendant also requests a jury trial.

### **THE PARTIES**

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

3. Admitted.

4. Denied.

### **JURISDICTION AND VENUE**

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

6. Admitted.

7. Legal conclusion. No response required. If deemed required, denied.

8. Legal conclusion. No response required. If deemed required, denied.

9. Legal conclusion. No response required. If deemed required, denied.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

11. Legal conclusion. No response required. If deemed required, denied.

## FACTUAL ALLEGATIONS

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

16. Denied.

17. Denied.

18. Admitted that the lift slowed as the Plaintiff reached the disembarkment platform. Otherwise denied.

19. Defendant admits plaintiff fell while under her own power and after she had disembarked from the chairlift. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

**COUNT ONE**
**NEGLIGENCE**
**UNSAFE OPERATION**

Defendant hereby restates, reincorporates and realleges each and every response contained in the above paragraphs as if fully stated herein.

26. Legal conclusion. No response required. If deemed required, denied.

27. Legal conclusion. No response required. If deemed required, denied.

28. Admitted that the lift was slowed as the Plaintiff reached the disembarkment platform. Otherwise denied.

29. Admitted that there is a window in the building at the top of the chairlift. Otherwise, paragraph number 29 is vague and confusing and cannot be answered as drafted. If an answer is required, denied.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT TWO
## NEGLIGENT TRAINING OR SUPERVISION

36. Defendant hereby restates, reincorporates and realleges each and every response contained in the above paragraphs as if fully stated herein.

37. Denied.

38. Denied.

39. Legal conclusion. No response required. If deemed required, denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT THREE
## RECKLESSNESS

45. Defendant hereby restates, reincorporates and realleges each and every response contained in the above paragraphs as if fully stated herein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## COUNT FOUR
## LOSS OF CONSORTIUM

55. Defendant hereby restates, reincorporates and realleges each and every response contained in the above paragraphs as if fully stated herein.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

57. Denied.

58. Denied.

## COUNT FIVE
## VIOLATION OF NH RSA 225-A:25

Defendant hereby restates, reincorporates and realleges each and every response contained in the above paragraphs as if fully stated herein.

59. Denied.

60. Legal conclusion. No response required. If deemed required, denied.

61. Legal conclusion. No response required. If deemed required, denied.

62. Legal conclusion. No response required. If deemed required, denied.

63. Legal conclusion. No response required. If deemed required, denied.

64. Legal conclusion. No response required. If deemed required, denied.

65. Legal conclusion. No response required. If deemed required, denied.

66. Legal conclusion. No response required. If deemed required, denied.

67. Legal conclusion. No response required. If deemed required, denied.

68. Legal conclusion. No response required. If deemed required, denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Failure to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Comparative negligence.

### **THIRD AFFIRMATIVE DEFENSE**

Failure to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

Defendant was justified in its conduct and is not liable to the Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by Responsibilities of Skiers and Passengers, RSA 225-A:24.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have released all claims against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have waived all claims against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of injury.

## NINTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

## TENTH AFFIRMATIVE DEFENSE

This Court is an improper venue.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's injuries arose out a risk inherent to the sport of skiing.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant reserves its right to rely upon such other defenses as may become available or apparent during discovery.

PAT'S PEAK, INC.
By its Attorney,

Dated: April 18, 2019

/s/ Timothy W. Tapply
Timothy W. Tapply, Esq.
BBO# 651558
ttapply@brandtapply.com
Brand & Tapply, LLC
555 Washington Street, Suite 6
Wellesley, MA 02482
Tel.  (781) 431-7878
Fax  (781) 431-7844

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2019, I electronically filed the foregoing Answer to the Plaintiffs' Complaint using the ECF system, which will send notice of such filing to all parties or their counsel of record.

                                               /s/Timothy W. Tapply
                                               Timothy W. Tapply